IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD J. MONTOYA,

        Petitioner,

v.                                              No. 2:24-cv-00169-MLG-LF

GEORGE STEPHENSON, et al.,

        Respondents.

## **AMENDED ORDER DENYING MOTION TO APPOINT COUNSEL**

THIS MATTER is before the Court on petitioner Richard J. Montoya's motion to appoint counsel in this 28 U.S.C. § 2254 habeas case. Doc. 11. Respondents oppose the motion. Doc. 13. United States District Judge Matthew Garcia referred this motion to me, Doc. 14, as a motion to appoint counsel raises a "nondispositive matter" that I have authority to decide under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72, *Howden v. Marcantel*, No. 2:14-cv-00459-MCA-GBW, 2014 WL 12789681, at *1 (D.N.M. July 17, 2014). For the reasons below, the motion is denied.

"[P]risoners have [no] constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "The decision to appoint counsel [in a habeas proceeding] is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Courts should examine "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Considering these factors, I conclude that the appointment of counsel is unwarranted in this case. First, the facts and legal issues presented in Mr. Montoya's petition are not particularly complex. As background, Mr. Montoya was "tried by jury and convicted of first degree felony-murder and armed robbery of Robert P. Larson," an undercover police officer "performing the lawful discharge of his duties at the time of the murder." *State v. Montoya*, 1984-NMSC-073, ¶ 1. Mr. Montoya was "sentenced to life imprisonment for the first degree murder conviction and to nine years for the armed robbery conviction," with these sentences "to run consecutively." *Id.* Under New Mexico law, an inmate who has served 30 years of a life sentence is eligible for a discretionary parole *hearing* every two years. *E.g.*, *Woodward v. Heredia*, 341 F. App'x 460, 461 (10th Cir. 2009) (citing N.M. STAT. ANN. § 31-21-10 (1978)). But Mr. Montoya—who has served 30 years as of 2013 and has been denied parole every two years since—suggests that he is entitled to *parole* under New Mexico law and broadly framed constitutional theories, not just a hearing. Doc. 1 at 6–8, 11–12. The Court can resolve these claims, which appear to lack merit, without appointing counsel. *See* Doc. 12. Moreover, Mr. Montoya has shown himself capable of presenting his claims without counsel's aid. *See* Doc. 1 at 6–8, 11–12 (making detailed legal arguments in legible handwriting with citations to statutes, legislative history, and case law). Mr. Montoya's motion to appoint counsel is therefore denied.

IT IS SO ORDERED.

2

> **THE PARTIES ARE NOTIFIED** that "[a] party may serve and file objections to [a magistrate judge's order on a non-dispositive pre-trial matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). The party's objections must be both timely and specific to preserve an issue for review by the district court or appellate court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If objections are timely filed, the district judge must consider the objections but will only set aside those parts of the magistrate judge's order which are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). If objections are not timely filed, the firm waiver rule applies. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781–83 (10th Cir. 2021) ("the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a)"). "Under the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both the factual and legal questions." *Id.* at 781 n.23 (citations and alteration omitted); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

_____
Laura Fashing
United States Magistrate Judge