IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD J. MONTOYA,

Petitioner,

v. Case No. 2:24-cv-00169-MLG-LF

GEORGE STEPHENSON et al.,

Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on pro se petitioner Richard J. Montoya's Petition Under 28 U.S.C. § 2554 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), filed February 20, 2024.[1] Respondents filed their answer on May 1, 2025. Doc. 12. Mr. Montoya filed a reply on July 24, 2025. Doc. 20. United States District Judge Matthew Garcia referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 22 at 1. Having reviewed the submissions of the parties, the relevant law, and the record, I conclude that Mr. Montoya included both exhausted and unexhausted claims in his petition. I therefore recommend that the Court provide Mr. Montoya thirty days after an order adopting these Proposed Findings and Recommended Disposition ("PFRD") to file a notice voluntarily dismissing his unexhausted claim so as to allow the Court to proceed on his exhausted claims.

[1] While the petition cites § 2254, the Court previously ruled that the petition should be construed under 28 U.S.C. § 2241, because § 2241 "attack[s] the execution of a sentence, including the denial of parole." Doc. 9 at 3 (alteration in original) (quotation and citation omitted).

## BACKGROUND

In April 1983, a New Mexico jury found Mr. Montoya guilty of first-degree felony murder and armed robbery of a peace officer. Doc. 12-1 at 57; *State v. Montoya*, 1984-NMSC-073, ¶ 1, 101 N.M. 424, 684 P.2d 510. The state trial court sentenced Mr. Montoya on June 1, 1983: For the first-degree murder conviction, he was sentenced to life imprisonment followed by a five-year parole period; and for the armed robbery conviction, he was sentenced to nine years in prison followed by a two-year parole period. Doc. 12-1 at 14–15; *Montoya*, 1984-NMSC-073, ¶ 1. The two sentences were ordered to be served consecutively, and Mr. Montoya was placed in custody for his first-degree murder conviction first. Doc. 12-1 at 14–15.

Mr. Montoya appealed, and the New Mexico Supreme Court affirmed his convictions on July 12, 1984. *Montoya*, 1984-NMSC-073, ¶ 9. Mr. Montoya became eligible for a parole hearing for his life sentence on August 23, 2012. Doc. 12-1 at 61. Mr. Montoya had his first parole hearing on August 8, 2012, and the New Mexico Adult Parole Board ("Parole Board") denied Mr. Montoya parole for reasons provided in a written decision. *Id.* at 81–82. Mr. Montoya was provided a parole hearing every two years thereafter, and the Parole Board denied him parole each time for reasons specified by the Parole Board. *Id.* at 67–80.

Mr. Montoya filed a state petition for a writ of habeas corpus in the First Judicial District Court, County of Santa Fe, State of New Mexico on May 31, 2022. Doc. 12-1 at 4. Mr. Montoya argued that New Mexico's parole statute mandated his parole after he had served thirty years of his life sentence. *Id.* at 5–10. Mr. Montoya contended that "the Board is violating the constitutionally guaranteed due process rights of inmates under the Fourteenth Amendment to the United States Constitution" by not paroling him after thirty years of his life sentence without holding a revocation hearing and determining specific violations of the terms of parole. *Id.* at 5.

Mr. Montoya also claimed that he has been denied equal protection under the law, because the Parole Board denied him "the ability to parole to his consecutive sentence in the same manner as someone without a life (30) year sentence would" have been *Id.* at 7–8. Mr. Montoya further claimed that the "[c]ontinued denial of [his] parole on his life (30) year sentence would be cruel and unusual punishment," because he "is being forced to serve a natural life sentence, which is not how he was originally sentenced." *Id.* at 8.

On September 13, 2022, the state district court summarily dismissed Mr. Montoya's petition. Doc. 12-1 at 34. The court rejected Mr. Montoya's argument that he was required to be paroled after serving thirty years of his life sentence because under New Mexico's statutes he was only "*eligible* for parole after thirty years" and not "entitled to parole" such that denial of parole would render his sentence invalid. *Id.* at 33–34. After determining that Mr. Montoya "does not possess a conditional liberty interest in parole," the court found that there was "neither an Eighth Amendment, nor a Fourteenth Amendment violation." *Id.* at 34.

On October 31, 2022, Mr. Montoya petitioned the New Mexico Supreme Court to issue a writ of certiorari reviewing the state district court's denial of his petition for a writ of habeas corpus. *Id.* at 36. Mr. Montoya reasserted his Fourteenth Amendment due process and equal protection claims but made no claim of cruel and unusual punishment in violation of the Eighth Amendment. *See id.* at 36–42. On February 16, 2023, the New Mexico Supreme Court denied Mr. Montoya's petition for a writ of certiorari. *Id.* at 56.

On February 20, 2024, Mr. Montoya filed the present petition for a writ of habeas corpus on a form indicating that the petition was pursuant to 28 U.S.C. § 2254. *See* Doc. 1. Mr. Montoya raised his Fourteenth Amendment due process and equal protection claims, along with a claim of cruel and unusual punishment. *Id.* at 6–8, 11–12. The petition initially was dismissed

without prejudice on November 25, 2024, for failure to timely pay the filing fee, Doc. 5 at 1–2, but the Court later granted Mr. Montoya's motion to reconsider the order of dismissal, Doc. 9. The Court determined that Montoya's petition should be construed under 28 U.S.C. § 2241 rather than § 2254, because Mr. Montoya is attacking the execution of his sentence. *Id.* at 3 (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). Respondents filed their answer to Mr. Montoya's petition, along with the record of the state court proceedings, on May 1, 2025. Docs. 12, 12-1. Mr. Montoya filed his reply to Respondents' answer on July 24, 2025. Doc. 20.

In their response brief, Respondents do not dispute that Mr. Montoya exhausted all of his state remedies as to his Fourteenth Amendment due process and equal protection claims. Doc. 12 at 6. But Respondents note that Mr. Montoya's federal petition asserts a cruel and unusual punishment claim that was not presented in his petition to the New Mexico Supreme Court for a writ of certiorari. *Id.* In his reply brief, Mr. Montoya agrees that he "never raised an Eighth Amendment claim" in his petition for a writ of certiorari. Doc. 20 at 6. Mr. Montoya then states that he "is completely fine with the Court removing the alleged Eighth Amendment claim as moot because that issue was never raised by Petitioner." *Id.* at 7. Respondents ask the Court to disregard the exhaustion requirement and reject Mr. Montoya's Eighth Amendment claim on the merits. Doc. 12 at 6.

**ANALYSIS**

A state prisoner challenging the execution of his sentence, including the denial of parole, properly brings his claims pursuant to 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Beylik v. Estep*, 377 F. App'x 808, 812 (10th Cir. 2010) (stating that a habeas petitioner in state custody challenging denial of parole was "properly

characterized by the district court as being brought pursuant to 28 U.S.C. § 2241"). A § 2241 habeas petitioner is generally required to exhaust his available state remedies before filing a federal habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

A claim is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1532 (10th Cir. 1994). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation modified) (quotation omitted).

Habeas petitions that contain both exhausted and unexhausted claims are "mixed" petitions. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). A district court faced with a mixed petition has the following, limited options:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)); *see also Gray v. Gray,* 645 F. App'x 624, 625–26 (10th Cir. 2016) (applying same options to a petition under § 2241). However, "[t]he one thing the district court may not do is effect a hybrid disposition of the petition, dismissing with prejudice all exhausted claims and dismissing without prejudice the unexhausted claims." *Gray*, 645 F. App'x at 626 (citing *Moore v. Schoeman*, 288 F.3d 1231, 1235–36 (10th Cir. 2002)).

The parties agree that Mr. Montoya's petition includes exhausted Fourteenth Amendment due process and equal protection claims in addition to an unexhausted Eighth Amendment cruel-and-unusual punishment claim. Doc. 12 at 6; Doc. 20 at 6–7. However, the parties disagree as to how the Court should dispose of this mixed petition. Respondents ask the Court to reject the entire petition on the merits, including the unexhausted claim. Doc. 12 at 6; *see Gray*, 645 F. App'x at 626 (a district court may "deny the entire petition with prejudice if the unexhausted claims are clearly meritless"). Mr. Montoya's reply brief appears to argue in favor of permitting him to dismiss the unexhausted claim so that the Court may proceed with the exhausted claims. Doc. 20 at 7 ("Petitioner is completely fine with the Court removing the alleged Eighth Amendment claim as moot because that issue was never raised by Petitioner."); *see Fairchild*, 579 F.3d at 1156 (a district court may "permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims") (quotation omitted)).

I do not recommend dismissing Mr. Montoya's petition in its entirety to allow Mr. Montoya to exhaust his claim in state court, as his application would be time-barred were he to return to federal court. Section "2241 petitions are subject to a one-year limitations period." *Huddleston v. Coffman*, 672 F. App'x 819, 821 (10th Cir. 2016); *see also Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (holding that 28 U.S.C. "§ 2241(d)(1)'s one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State court") (quotations omitted)). Mr. Montoya's federal petition has been pending for over two years, and the one-year statute of limitations is not tolled while a federal petition is pending. *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005) (citing *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)).

I also do not recommend that the Court use the "stay and abeyance" mechanism, as it is only available where the petitioner can (1) show good cause for failing to exhaust his claims in state court, and (2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Montoya has not argued that there is good cause to excuse his failure to present his cruel and unusual punishment claim to the New Mexico Supreme Court; rather, Mr. Montoya has stated that he would be "completely fine with the Court removing the alleged Eighth Amendment claim as moot because that issue was never raised by Petitioner." Doc. 20 at 7.

That leaves the option of either ignoring the exhaustion requirement altogether or permitting Mr. Montoya to dismiss his unexhausted claim so that only his exhausted claims are before the Court. *See Fairchild*, 579 F.3d at 1156. Mr. Montoya's reply brief indicates a preference for the latter. *See* Doc. 20 at 7. Moreover, while the Court does have discretion to consider the unexhausted claim, permitting Mr. Montoya to voluntarily dismiss his unexhausted Eighth Amendment claim allows the Court to proceed with his petition without implicating the concerns that underly the exhaustion requirement. *See Demarest*, 130 F.3d at 932 (noting that the exhaustion doctrine "reflects the policies of comity and federalism between the state and federal governments").

I therefore recommend that the Court provide Mr. Montoya with thirty days to file a one-page notice indicating simply whether he voluntarily dismisses his unexhausted Eighth Amendment claim. *See Dombos v. Jenecka*, No. 1:09-cv-00200-JB-GBW, 2010 WL 11623435, at *5–6 (D.N.M. June 23, 2010) (recommending that a petitioner be allowed to signify deletion of his unexhausted claims by filing a one-page document), *proposed findings and recommended disposition adopted over objections by* 2010 WL 11619113 (D.N.M. Aug. 4, 2010). If Mr. Montoya voluntarily dismisses his Eighth Amendment claim, I will issue a subsequent PFRD on

Mr. Montoya's exhausted claims after considering the briefing already on the record. *See Fairchild*, 579 F.3d at 1156 (noting that district could have reentered its judgment on the exhausted claims if it permitted petitioner to dismiss his unexhausted claim after remand).

## CONCLUSION

For the foregoing reasons, I recommend that the Court provide Mr. Montoya with thirty (30) days from the date of the order adopting this PFRD to file a one-page notice stating simply whether he voluntarily dismisses his unexhausted Eighth Amendment claim. If the Court adopts my recommendations and Mr. Montoya elects to voluntarily dismiss the unexhausted claim, a subsequent PFRD on his exhausted claims will be forthcoming.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge